# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Valarie Cobey<br>3900 Old Field Crossing Dr, Apt 624<br>Jacksonville, FL 32223<br><br>    Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd, Suite 206<br>Toledo, OH 43614<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around September 10, 2007, Defendant's employee, with the name or alias "Daniel Soto" ("Soto") left a message on Plaintiff's cellular phone stating that Soto was an attorney and that Plaintiff needed to contact Defendant within 24 hours or further action would be taken.

10. On or around September 11, 2007, Plaintiff telephoned Defendant in response to the communication referenced above.

11. During this communication, Defendant stated that Defendant would place a lien on Plaintiff's home if Plaintiff did not pay the debt.

12. During this communication, Plaintiff informed Defendant that Plaintiff did not wish to receive Defendant's phone calls at her place of employment.

13. Despite this notice, Defendant telephoned Plaintiff at work on numerous occasions between September 25, 2007, and October 11, 2007.

14. Plaintiff reiterated her request that Defendant refrain from calling her place of employment on several occasions but Defendant continued to call.

15. In or around September 2007, Defendant contacted Plaintiff's former neighbor and left a message with a case number and a phone number, and said that it was important that Plaintiff contact Defendant.

16. On or around October 5, 2007, Defendant contacted third party, Steven Bennett, and disclosed Plaintiff's debt.

17. On or around October 18, 2007, Defendant left a message on Plaintiff's cellular phone stating that if Plaintiff or Plaintiff's attorney did not contact Defendant within 24 hours, Defendant would take further action against Plaintiff.

18. On or around October 21, 2007, during a communication regarding Plaintiff's debt, Defendant told Plaintiff that Defendant had a lawsuit against Plaintiff.

19. During the communication referenced immediately above, Defendant told Plaintiff that Plaintiff had to pay Plaintiff's account in full and that no other arrangements would be made.

20. During the communication referenced immediately above, Defendant told Plaintiff that Citibank would take Plaintiff's assets to pay the debt.

21. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

### COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

### COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

41. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

42. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

43. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## **JURY DEMAND**

45. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

46. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone:  866-339-1156
    Email:  jsh@legalhelpers.com